[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO QUASH SUBPOENA
Petitioner brings this action to quash a subpoena duces tecum for a deposition in an out-of-state court action.
Petitioner argues that certain information in its records is not discoverable under C.G.S. § 19a-25.
 FACTS
The Respondent issued a subpoena duces tecum on November 2, 1999 pursuant to Conn. Gen. Stat. Section 52-148e and it identifies the underlying litigation as Janice Casteel et al v.Sara Lee Corp. et al, a matter pending in the Circuit Court ofthe State of Michigan County of Wayne.
That subpoena was served on the petitioner on or about November 9, 1999. The subpoena seeks to secure testimony and the production of documents and other tangible things at a deposition of the Commissioner or his designee who possesses extensive knowledge of the investigation into "the disease Listeria monocytogense (L.M.) "outbreak that occurred in 1998/early 1999." Attached to the subpoena duces tecum was a list of items and documents to be produced by the Commissioner. The subpoena seeks only anonymous data and information. Previously, the Commissioner had been asked to provide data to the National Institute of Health (NIH) in respect to the disease L.M. This is a disease reported to the Federal Center for Disease Control (CDC). Ten such cases were reported to CDC by the Commissioner.
 LAW
C.G.S. Section 19a-25 provides in pertinent part as follows:
 Confidentiality of records procured by the Department of Public Health or directors of health of towns, cities or boroughs.
All information, records of interviews, written reports, statements, notes, memoranda or other data, including personal data as defined in subdivision (9) of section 4-190, procured by the Department of Public Health in connection with studies of morbidity and mortality conducted by the Department of Public Health or such staff CT Page 1893 committees, or carried on by said department or such staff committees jointly with other persons, agencies or organizations, or procured by the directors of health of towns, cities or boroughs or the Department of Public Health pursuant to section 19a-215, or procured by such other agencies or organizations for the purpose of reducing the morbidity or mortality the morbidity or mortality from any cause or condition, shall be confidential and shall be used solely for the purposes of medical or scientific research and, for information obtained pursuant to section 19a-215, disese prevention and control by the local director of health and the Department of Public Health. Such information, records, statements, notes, memoranda or other data shall not be admissible as evidence in any action of any kind in any court or before any other tribunal, board, agency or person, nor shall it be exhibited or its contents disclosed in any way, in whole or in part, by any officer or representative of the Department of Public Health or of any such facility, by any person participating in such a research project or by any other person, except as may be necessary for the purpose of furthering the research project to which it relates. . . . The commissioner of Public Health shall adopt regulations consistent with the purposes of this section to establish the procedures to ensure the confidentiality of such disclosures. . . . This section shall not be deemed to affect disclosure of regular hospital and medical records made in the course of the regular notation of the care and treatment of any patient, but only records or notations by such staff committees-pursuant to their work.
Subdivision (9) of section 4-190, the definitional section, mentioned above reads as follows:
 (9) "Personal data" means any information about a person's education, finances, medical or emotional condition or history, employment or business history, family or personal relationships, reputation or character which because of name, identifying number, mark or description can be readily associated with a particular person. "Personal data" shall not be construed to make available to a person any record described in subdivision (3) of subsection (b) of section 1-210.
In § 19a-25 all the records mentioned "shall be CT Page 1894 confidential". Such material shall not be admissible as evidence in any action of any kind in any court."
"The Commissioner is to "adopt regulations consistent with the purposes of this section to establish the procedure to ensure the confidentiality of such disclosures." Such regulations were adopted including Reg. § 19a-25-2 which is reported as follows:
 TITLE 19A. PUBLIC HEALTH AND WELL BEING/ DEPARTMENT OF PUBLIC HEALTH/DISCLOSURE OF HEALTH DATA/ Sec. 19a-25-2. Disclosure of aggregate health data, anonymous medical case histories, and reports of the findings of studies of/ The Connecticut Regulations titles are current with material published in Conn. L. J. through 5/18/1999.
 (a) The department may, at the discretion of the commissioner, publish, make available, and disseminate aggregate health data, anonymous medical case histories, and reports of the findings of studies of morbidity and mortality, provided such data histories, and reports:
 (1) Are prepared for the purpose of medical and scientific research; and
(2) Do not include identifiable health data.
 (b) No individual or organization with lawful access to such reports shall be compelled to testify with regard to such reports. Publication or release of such reports shall not subject said report or related information to subpoena or similar compulsory process in any civil or criminal, judicial, administrative or legislative
It is true that the respondent's request is for only anonymous material but the above regulations precludes its disclosure because it prohibits testimony in regard to those reports and they are "not subject . . . to subpoena, or similar compulsory process in any civil, or criminal judicial, administrative or legislative."
In regard to the petitioner having waived the statutory CT Page 1895 requirements, the court would find it difficult that a part of the executive branch of our government could waive a legislative requirement without legislative authority to do so.
As to the reason expressed by the petitioner for its refusal these too are of no importance but can only be based on the statutes and appropriately adopted regulations.
The respondent wants the facts upon which the CDC conclusions are based. The best place to get that information is surely CDC.
Motion to quash is granted.
N. O'Neill, J.